Morse v. Yamaha 















IN THE
TENTH COURT OF APPEALS
 

No. 10-93-119-CV

     MR. AND MRS. DANNY MORSE, INDIVIDUALLY AND
     AS NEXT FRIEND OF APRIL DIANE MORSE, A MINOR,
                                                                                              Appellants
     v.

     YAMAHA MOTOR CORPORATION, U.S.A., YAMAHA MOTOR
     COMPANY, LTD., AND TEXAS YAMAHA, INC.,
                                                                                              Appellees
 

From the 151st District Court
Harris County, Texas
Trial Court # 91-55822
                                                                                                    

O P I N I O N
                                                                                                    

      Mr. and Mrs. Danny Morse and their daughter, April, are appealing a take-nothing judgment
in favor of Yamaha Motor Corporation, U.S.A., Yamaha Motor Company, Ltd, and Texas
Yamaha, Inc. ("Yamaha"). The Morses sued Yamaha after April broke her back when a Yamaha
WaveRunner exploded while she was attempting to restart it. They allege that Yamaha defectively
designed the watercraft because it did not provide for powered ventilation of the engine
compartment. The court admitted evidence of ten other incidents in which WaveRunners
exploded. However, it admitted the evidence with a limiting instruction that allowed the jury to
consider the other occurrences only as evidence of notice to Yamaha of a defect but not as
evidence of a design defect in this case. We hold that the court improperly limited the evidence
just to notice, and reverse and remand.
THE EXPLOSION
      April Morse and her friend, Angel Leger, were riding a WaveRunner at a lake. They fell off
the watercraft twice when it capsized but were able to restart it. However, when it capsized a
third time, they were unable to restart it as previously. April pressed the starter button several
times. At first, Angel could hear the engine turning over, but the engine sound stopped. When
April pushed the starter button again, the WaveRunner exploded. April, age sixteen, suffered
compression fractures of several vertebrae in her back. She was hospitalized for a week and had
to wear a back brace for two and a half months.
OTHER OCCURRENCES
      In product-liability cases, evidence of other incidents involving the same product can be
admissible on a number of determinative issues, if the prior incidents occurred under reasonably
similar but not necessarily identical circumstances to that involving the plaintiff. John Deere Co.
v. May, 773 S.W.2d 369, 372 (Tex. App.—Waco 1989, writ denied); McInnes v. Yamaha Motor
Corp., U.S.A., 659 S.W.2d 704, 710 (Tex. App.—Corpus Christi, 1983), aff'd on other grounds,
673 S.W.2d 185 (Tex. 1984). The requisite degree of similarity is not high. McInnes, 659
S.W.2d at 710. Extraneous incidents can be relevant to notice, producing cause, and defective
design. See John Deere Co., 773 S.W.2d at 372 (collected authorities). The other occurrences
were admissible not only as evidence of notice to Yamaha but as relevant evidence of a design
defect in this particular watercraft.
PRETRIAL RULINGS
      During a pretrial hearing, the court considered Yamaha's objections to the admissibility of
the other incidents. Yamaha's objections were that the facts of the other occurrences were not
substantially similar to the facts in this case. As already noted, the court ruled during pretrial that
exhibits relating to ten extraneous occurrences were admissible and informed counsel that the
evidence would be admitted with the following limiting instruction:
Counsel has introduced into evidence certain documents that reflect Yamaha customer
information about WaveRunners which may have exploded. You are instructed that this
evidence may be considered for the limited purpose of the issue of notice of any claimed
defect and is not evidence of a defect in this case.
      At the pretrial hearing the Morses objected to the court's limiting instruction and requested
the following instruction:
Counsel has introduced into evidence certain documents that reflect Yamaha customer
information about WaveRunners which may have exploded. You are instructed that this
evidence may be considered only for the limited purposes of notice of any claimed defect
and as some evidence of the existence of a defect in this case. You are the sole judges
of the weight to be given to this or any other evidence.
(Emphasis added). At the end of the pretrial hearing the court denied the Morses' requested
instruction.
       During the trial before the jury, the Morses offered into evidence exhibits relating to the ten
other incidents. The court admitted the evidence but, as indicated during pretrial, instructed the
jury that "this evidence may be considered for the limited purpose of the issue of notice of any
claimed defect and is not evidence of a defect in this case." Yamaha did not restate its objection
to the evidence, and the Morses did not re-urge their objection to the limiting instruction or re-request their own limiting instruction.
      The jury failed to find a design defect and answered all of the liability questions against the
Morses. Yamaha does not complain on appeal that the extraneous incidents were improperly
admitted or contend that the other occurrences are not admissible as relevant evidence of a design
defect. Moreover, the Morses do not contend that the court improperly excluded fourteen other
incidents. The question on appeal is whether the court improperly limited the jury's consideration
of the ten other incidents just to notice and, if so, whether the error was reasonably calculated to
result in an improper judgment.
PRESERVING THE COMPLAINT
      The Morses preserved their complaint for appellate review by timely objecting to the court's
limiting instruction, requesting a limiting instruction that, if given, would have properly allowed
the jury to consider the evidence on notice and design defect, and obtaining an adverse ruling on
their requested instruction. See Tex. R. App. P. 52(a). Because the court heard and ruled on
Yamaha's objections to the admissibility of the extraneous occurrences in a hearing out of the
jury's presence, Yamaha was not required to object when the evidence was later offered and
admitted at trial. See id. 52(b). Nor, for that reason, did the Morses have to re-state their
objection to the limiting instruction or re-request and obtain an adverse ruling on their own
limiting instruction. 
      Yamaha contends, however, that the Morses waived any complaint about the limiting
instruction by representing to the court at the pretrial hearing that the extraneous incidents were
being offered only as evidence of notice of a defect. According to Yamaha, the Morses could not
make that representation and then attack the limiting instruction on the ground that it limited the
jury's consideration of the evidence to notice. 
      The Morses never represented to the court during the pretrial hearing that the other
occurrences were admissible only on notice, although notice was mentioned as a basis for their
admission. Moreover, they clearly presented their contention to the court at the pretrial hearing
that the evidence was also admissible as evidence of a design defect. They did so by a pretrial
brief, an objection to the limiting instruction proposed by the court, and their own proposed
limiting instruction. The court acknowledged their argument in the pretrial brief by denying in
writing the Morses' requested limiting instruction. Thus, under the facts presented, we do not
believe that equity now precludes the Morses from asserting that the court's limiting instruction
improperly limited the jury's consideration of the evidence.
ERROR AND HARM
      The court erred when it limited the jury's consideration of the evidence to just notice. See
John Deere Co., 773 S.W.2d at 372. The liability issues were hard-fought between the parties,
with credible evidence on both sides of each issue. By unduly restricting the jury's consideration
of the other occurrences to just notice, the court's error was reasonably calculated to result, and
probably did result, in an improper judgment. See Tex. R. App. P. 81(b)(1).
      We sustain points one through four, reverse the judgment, and remand the cause for a new
trial. Point five was waived.
 

                                                                                 BOB L. THOMAS
                                                                                 Chief Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Reversed and remanded
Opinion delivered and filed March 23, 1994
Do not publish